[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff James Williams sustained injuries to his mouth CT Page 4481 and teeth as a result of being struck by a high velocity stream of water emitted from a fire hydrant owned and controlled by the City of New Haven which had been opened by an unauthorized person or persons. The thrust of plaintiff's claim was that the municipality was negligent in failing to install a locking or anti-vandalism device on the hydrant in question which had been opened in a similar fashion two days earlier as to which fact the defendant had notice.
The hydrant was located in a thickly populated residential area where children were present and on a street heavily travelled by motor vehicles. The plaintiff James Williams was 9 years old at the time.
There was evidence that the condition of the hydrant absent a locking or anti-vandalism device was dangerous. Two days prior to the accident date the plaintiff, Irma Williams (mother of James Williams) reported to the Fire Department of the City of New Haven that the hydrant had been opened by a person or persons unknown and requested a locking device be placed on it because she felt the condition in question was dangerous under the circumstances. As of the accident date the City of New Haven had not installed a locking or anti-vandalism device.
By way of Special Defense the defendant municipality raised issues of governmental immunity and comparative negligence on the part of the youngster.
The court charged the jury in part that a municipality was engaged in a governmental function when maintaining a fire department which included the maintenance of fire hydrants; that as to immunity from liability in tort while engaged in a governmental function there are some exceptions depending upon the nature of the duty owed by the municipality and whether its acts are discretionary or ministerial in nature; that the duty to maintain the hydrants in a reasonably safe condition was a public duty (Shore v. Stonington, 187 Conn. 147, 151); that where the duty owed was a public one the municipality would not be liable for discretionary acts and would only be liable if the acts were ministerial in nature and negligently performed.
The court then defined the nature of discretionary and ministerial acts and described the standards for making the distinction between them as a factual issue. Beach v. RegionalSchool District, 42 Conn. App. 542, 553. CT Page 4482
The court further charged the jury in substance that the duty of the City of New Haven was to exercise reasonable care to keep its fire hydrants in a reasonably safe condition and to use reasonable care to guard against injuries from its fire hydrants. No exception was taken to charge as to outlined above.
The jury returned a verdict in favor of the plaintiffs. The defendant moves for the granting of its Motion for Directed Verdict made at the conclusion of the plaintiffs' case and its Motion to Set Aside the Verdict.
The thrust of the defendant's position is that it is insulated from liability by virtue of the doctrine of governmental immunity and that there was no legally acceptable evidence of the applicable standard of care on the part of the defendant municipality.
The focus of the plaintiffs' claim was not the overall maintenance of a system of fire hydrants but rather the failure on the part of the City to remedy a particular problems as to which it had notice.
The applicable standard of care as noted above was that of reasonable care under the circumstances.
The jury could reasonably have concluded that although the maintenance of fire hydrants involved a governmental function the failure to act with respect to the particular hydrant under the; circumstances involved herein was ministerial in nature and constituted negligence.
Motions denied.
John C. Flanagan Judge Trial Referee
APPENDIX